| JETERS, J.
This appeal arises out of a trial court judgment that valued Paul Landry and Pearlie Simon’s community property interest in Deep South Financial Services, Inc. Ms. Simon appeals the valuation.
Paul Landry and Pearlie Simon were divorced by judgment signed May 29, 1991. On July 19, 1996, Ms. Simon filed a petition to partition the community property. Both parties filed detailed descriptive lists which included an ownership interest in Deep South Financial Services, Inc. (Deep South). Deep South is a closely-held, highly-leveraged corporation which is in the business of providing short-term loans to customers. It consists of five branches and has two subsidiaries, South-land Finance Company and Pelican Credit Company. Southland Finance Company consists of ten branches, and Pelican Credit Company consists of one branch. Mr. Landry is the vice president and general manager of Deep South. The corporation has two owners, who are active in the corporation, including Mr. Landry, who owns a thirty-seven percent interest with Ms. Simon. It is this thirty-seven | ^.percent interest that the parties seek to partition.
Trial was held on May 7, and 8, 1998, to determine the value of the community property interest in the corporation. Expert testimony was presented on both sides, and the trial court assigned a value of $60,000.00 to the community’s interest, relying on Mr. Landry’s experts. The court allocated the stock ownership to Mr. Landry and awarded an equalizing payment to Ms. Simon. Ms. Simon appeals.
Ms. Simon contends that in its valuation of Deep South, the trial court erred in failing to include the value of the goodwill of the business. Goodwill has been defined as the probability that customers of an established business will continue to patronize the business. See Godwin v. Godwin, 533 So.2d 1009 (La.App. 1 Cir.1988), writ denied, 537 So.2d 1165 (La. 1989). Goodwill value may properly be included in the valuation of a community-owned commercial business, in contrast to a one-man “professional” corporation in which the goodwill results solely from the identity of the professional and his personal relationship with patients or clients. Head v. Head, 30,585 (La.App. 2 Cir. 5/22/98); 714 So.2d 231. Even though goodwill may be considered in a commercial business, the record before us is silent with respect to the value of any goodwill of Deep South. None of • the experts assigned a value to goodwill, and we are unable to value goodwill from the evidence before us. Therefore, we find no error in the trial court’s failure to place a value on goodwill. See id.
Additionally, Ms. Simon contends that industry standards, as well as jurisprudence, require that a business be valued using a total of eight factors as found in Internal Revenue Service Ruling 59-60. She contends that the trial court erred in valuing Deep South based on a “simplistic” average of values.
*589 ^Specifically, Ms. Simon points this court to Moody v. Moody, 622 So.2d 1381, 1384 (La.App. 1 Cir.1993), also a valuation case, in which the court listed the following eight factors of Internal Revenue Service Ruling 59-60 as a quote from a report issued by an expert witness:
1. The nature of the business and the history of the enterprise....

2. The economic outlook in general and the condition and out look of the specific industry in particular....

3. Book value of the stock and the financial condition of the business....
4. The earning capacity....
5. The dividend paying capacity-
6. Whether or not the enterprise has goodwill or other intangible value....
7. Sales of stock.
8. Market price of stock of corporations engaged in the same or similar line of business....
However, Moody does not stand for the proposition that these eight factors must be considered in determining the.value of a corporation. In fact, the appellate court in Moody explained that each expert in the ease admitted that the value at which he or she arrived was calculated upon the historical financial information of the corporation at issue and not on the intangible considerations mentioned in Ruling 59-60. Moreover, the appellate court chose not to rely on the value asserted by the expert who had set forth Ruling 59-60 but instead chose to rely on the value asserted by the opposing expert. Further, we have found no Louisiana cases requiring the use of Ruling 59-60 in valuing a community asset. Rather, as stated in Head, 714 So.2d at 234:
Business valuations methods are not an exact science and are basically guides to determine a fair market value for buyers and sellers of a given business. Here, the evaluation is made for the purpose of resolving community property disputes. Given the dynamics of businesses and business practices, factoring in circumstances that may be unique to the parties, an inflexible formula for determining value is said to be impractical.
 |4In determining the value of the community’s interest in Deep South to be $60,000.00, the trial court accepted the methodology used by Mr. Landry’s experts, Allen Labry and Ronald Prejean.[1] The weight to be given an expert’s testimony depends upon the expert’s professional qualifications and experience and especially on the facts upon which the expert based his opinion. Head, 714 So.2d 231. Under the manifest error standard, the appellate court must accord great deference to the trier of fact’s assessment of credibility and evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La. 1990). We find no manifest error in the trial court’s reliance on Mr. Landry’s experts in its valuation of the community’s interest in Deep South.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court. We assess costs of this appeal to Ms. Simon.
AFFIRMED.

. Mr. Labiy was accepted by the trial court as an expert in the fields of certified public accounting and financial planning, and Mr. Pre-jan was accepted by the trial court in the field of certified public accounting.