JjDOUCET, Chief Judge.
Claimant, Clarence Green, appeals a judgment of a workers’ compensation judge terminating his benefits as of July 3, 2000, and denying his request for penalties and attorney’s fees. We affirm the judgment of the workers’ compensation judge.
FACTS
It was stipulated that Claimant was injured in the course and scope of his employment on July 20, 1999. According to Claimant’s testimony, a sixteen foot wide by twenty-four foot long porch collapsed on top of him causing lacerations to his head, amputating an ear, embedding a shyer of wood into his jaw and separating his knee below the knee-cap (i.e., broke his leg just below the knee). Claimant’s medicals were covered by Defendant and he was paid benefits of $335.35 per week through July 2, 2000. At that time, all benefits were terminated. This appeal followed.
LAW AND DISCUSSION
In Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556, the supreme court reviewed the standard of appellate review in workers’ compensation cases stating the following:
In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Freeman [v. Poulan/Weed Eater ], 93-1530 at p. 5 [ (La.1/14/94) ], 630 So.2d [733] at 737-738; Stobart v. State, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, “if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
| ¡.Defendant based its termination of Claimant’s benefits upon the May 22, 2000, examination of Claimant by his treating physician, Dr. Alan Hinton, and upon surveillance of Claimant by two private investigators, done on three separate occasions, one in March 2000 and the other two in June 2000.
Dr. Hinton’s report of Claimant’s May 22, 2000 examination stated that Mr. *1208 Green had reached maximum medical improvement, could return to work but, due to “significant permanent disability!, ... ] will not be able to return to his previous level of employment.” Dr. Hinton opined that Mr. Green has a 70% impairment to his left knee and a 38% impairment to the whole body. Dr. Hinton was of the opinion, Claimant could engage in sedentary employment, could stand or walk not more than 33% of the time; could not kneel, squat, crawl or climb; and should not carry more than ten pounds.
The surveillance by the two private investigators included observing the Claimant at home and at two construction sites in June 2000. At both locations Claimant was observed engaging in activities which, in Dr. Hinton’s opinion, he should not do. Those activities included, what one investigator, Chan Perry, described as, “regular carpenter kinds of jobs,” i.e., picking up wood, using a circular saw, hammering, and shoveling. Mr. Perry testified that he observed Mr. Green, bending at the waist, squatting, standing for periods in excess of 20 minutes at a time, carrying sheets of plywood, building saw horses and walking, all without apparent pain. Mr. Perry stated that he did note that Mr. Green walked with a “slight limp.” Mr. Perry stated that he had twenty years experience in carpentry and, from his experience, was sure the plywood he observed Claimant carrying weighted in excess of twenty pounds.
| ¡¡The two investigators documented their surveillance on video tape, which was played for the workers’ compensation judge. It was noted that the tape did not depict the whole time the Claimant was being observed, but portrayed only those periods which showed Mr. Green engaging in the physical activities his physician had advised against.
Mr. Green maintained that he was unable to engage in general carpentry as he had done before his accident of July 20, 1999. He based this claim more on being in pain when he engaged in general carpentry activities rather that his physical inability to perform those activities. However, when pressed, on cross-examination, he admitted that he was probably able to do finishing carpentry and that, generally, finishing carpentry paid more than general carpentry.
In Clay v. City of Jeanerette, 99-1421, pp. 6-7 (La.App. 3 Cir. 5/31/00); 768 So.2d 609, 613, writ denied, 00-006 (La.10/27/00); 772 So.2d 124, we observed the following:
La.R.S. 23:1221(l)(e) provides that an employee who seeks temporary total disability benefits must prove by clear and convincing evidence, without a presumption of disability, that he is physically incapable of engaging in any employment, ... regardless of the nature ... of the employment ..., including but not limited to ... employment while working in pain, notwithstanding the location or availability of any such employment or self-employment.
We have held that the existence of pain is not a pertinent factor in the issue of temporary total disability benefits. Harris v. Langston Co., Inc., 94-1266 (La.App. 3 Cir. 4/5/95); 653 So.2d 789.
As we did in Clay, we maintain that holding in this case.
Considering the record as a whole, and especially the report of Dr. Hinson of May 22, 2000, the testimony of Chan Perry, and Claimant’s own admissions on cross-examination, we cannot say the workers’ compensation judge was clearly wrong in |4her conclusions that (1) Claimant’s evidence did “not constitute the requisite ‘clear and convincing evidence’ that ... [his] pain is substantial enough to make the pursuit of gainful employment an impossibility,” and that (2) “the employer/insurer was not ar *1209 bitrary and capricious in its actions and; as such, no attorney’s fees and penalties are owed.”
In his brief, Claimant argues that “[s]ince Green is not entitled to temporary total benefits, he is entitled to Supplemental Earnings Benefits (SEB) if he can prove entitlement.” The workers’ compensation judge’s judgment is silent on the issue of SEB. “As a general rule, where a judgment is silent with respect to any demand which was at issue in the case under the pleadings such silence constitutes a rejection of that demand.” Edwards v. Daugherty, 97-1542, p. 38 (La. App. 3 Cir. 3/10/99); 729 So.2d 1112, 1134, writs denied, 99-1393 and 99-1434 (La.9/17/99); 747 So.2d 1105. Considering, Claimant’s admission on cross-examination that he was probably able to do finishing carpentry, and that, generally, finishing carpentry pays more than general carpentry, we do not find rejection of his claim for SEB to be clearly wrong.
Accordingly, for the reasons stated, the judgment of workers’ compensation is affirmed. All costs of this appeal are assessed against Appellant, Clarence Green.
AFFIRMED.