# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1282

STEVEN B. SOILEAU

VERSUS

CYNTHIA BAILEY SOILEAU

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NUMBER 177,306
HONORABLE B. DEXTER RYLAND, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
### JUDGE

**********

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard
Ezell, Judges.

Woodard, J., dissents in part and assigns reasons.

**AFFIRMED.**

Michael H. Davis
Davis & Saybe, LLP
2017 MacArthur Drive
Building 4, Suite A
Alexandria, Louisiana 71301
(318) 445-3621
Counsel for Plaintiff/Appellee:
        Steven B. Soileau

Henry H. Lemoine, Jr.
Gregory N. Wampler
Lemoine & Wampler
607 Main Street
Pineville, Louisiana 71360
(318) 473-4220
Counsel for Defendant/Appellant:
        Cynthia Bailey Soileau

DECUIR, Judge.

Cynthia Soileau appeals the trial court's judgment, assigning error to two aspects of the judgment partitioning property of the former community between Cynthia and her former husband, Steven Soileau. For the reasons that follow, we affirm.

## FACTS

After a ten-year marriage, Steven and Cynthia Soileau divorced in 1995. In 1998, he sought to partition their community property. The trial court heard the case in 2000, took the matter under advisement, and rendered a partition judgment in 2002. Cynthia appeals, assigning error to two aspects of the judgment, namely, the trial court's failure to assign any value to the business Steven runs and its failure to recognize the community debt owed to Helen Matthews.

## VALUATION OF THE BUSINESS

Steven started out as a self-employed carpenter. He now runs Soileau Construction/Remodeling, an unincorporated business. Cynthia argues this is a commercial business and, therefore, has an inherent value based on goodwill. Thus, she appeals the trial court's ruling that the business has no value.

During the trial, she requested the trial court appoint an expert in accordance with La.R.S. 9:2801(4)(a) to assess the value of the business. Both parties concurred in the appointment of Mr. Bobby Lester, a certified public accountant, who ultimately concluded the business had no value. Cynthia did not present any evidence to refute Mr. Lester's opinion, but she now argues that, notwithstanding Mr. Lester's valuation, the trial court should have given value to the goodwill associated with the business.

2

We cannot agree. "Goodwill has been defined as the probability that customers of an established business will continue to patronize the business." *Landry v. Simon*, 98-1386, p. 2 (La.App. 3 Cir. 3/17/99), 732 So.2d 587, 588, *writ denied*, 99-1050 (La. 5/28/99), 743 So.2d 672 (citing *Godwin v. Godwin*, 533 So.2d 1009 (La.App. 1 Cir. 1988), *writ denied*, 537 So.2d 1165 (La.1989)). We do not include goodwill in the value of a business if it is a "professional corporation in which the goodwill results solely from the identity of the professional and his personal relationship with patients or clients." *Landry*, 732 So.2d at 588 (citing *Head v. Head*, 30,585 (La.App. 2 Cir. 5/22/98), 714 So.2d 231). However, goodwill can be included in determining the value of a commercial business. *Landry*, 732 So.2d 587.

There is insufficient evidence in the record to determine whether this is a commercial business, that is, a business that can be bought or sold in the market, or a professional corporation. *Collier v. Collier*, 00-1263 (La.App. 3 Cir. 7/18/01), 790 So.2d 759, *writ denied*, 01-2365 (La. 12/7/01), 803 So.2d 30. However, assuming, *arguendo*, that it is a commercial business, we still find no error in the trial court's determination. While goodwill can be included in valuing a commercial business, it is not mandatory. *Landry*, 732 So.2d 587. In the instant case, the record is silent regarding the value of any goodwill, and the expert did not assign it any value. This was Cynthia's burden of proof, which she failed to satisfy.

Cynthia directs us to jurisprudence concerning general business valuation methods; however, she presented no evidence at trial of how these methods apply to the business at issue. Further, while Cynthia suggests that we remand the case for the taking of appropriate evidence to establish the goodwill value, she provides no indication that she was prevented from offering such evidence at the time of trial. To remand the case under these circumstances would be to encourage piece-meal

3

litigation. Given the record before us, we find no extraordinary circumstances which necessitate a remand.

The determination of the value of this business is a factual one which we will not disturb absent manifest error. *See Collier*, 790 So.2d 759. Given the unrefuted evidence of "no value," we find no manifest error in the trial court's determination and reliance on Mr. Lester's valuation. Thus, we affirm its ruling.

### DEBT TO HELEN MATTHEWS

Cynthia contends that the trial court erred in failing to assign the community debt owed to her aunt, Helen Matthews.

The trial court did not mention the debt in its judgment or its written reasons for judgment. "As a general rule, where a judgment is silent with respect to any demand which was at issue in the case under the pleadings, such silence constitutes a rejection of that demand." *Green v. L&F Constr., Inc.*, 02-524, p. 4 (La.App. 3 Cir. 10/30/02), 829 So.2d 1206, 1209 (quoting *Edwards v. Daugherty*, 97-1542, p. 38 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112, 1134, *writs denied*, 99-1393, 99-1434 (La. 9/17/99), 747 So.2d 1105. Moreover, we recognize that "a trial court has broad discretion in adjudicating issues raised in a proceeding for partitioning of the community regime." *Aymond v. Aymond*, 99-1372, p. 11 (La.App. 3 Cir. 3/1/00), 758 So.2d 886, 892 (citing *Queenan v. Queenan*, 492 So.2d 902 (La.App. 3 Cir.), *writ denied*, 496 So.2d 1045 (La.1986)). In the instant case, we find no abuse of discretion in the trial court's failure to include and assign the alleged debt to Matthews.

Cynthia did not include the debt on her detailed descriptive list. In his detailed descriptive list, Steven listed a possible community debt but specified no amount. Matthews testified that she loaned the couple a little over $75,000.00 from 1987 to 1991, some of which she loaned to Steven for the construction business and some of

which she loaned to both of them. Matthews presented a copy of a letter from her attorney to Steven's attorney which stated the amount of the debt was $75,825.00. However, the canceled checks and promissory note attached to this correspondence total only $60,825.00. She testified that on December 27, 1997, some two years after the divorce, Cynthia made one $500.00 payment on the debt. Whatever the import of this untimely payment, Cynthia's actions cannot be construed as a waiver of any rights on the part of Steven with regard to the alleged debt. *See Bridges v. Bridges,* 96-1191 (La.App. 3 Cir. 3/12/97), 692 So.2d 1186.

Matthews testified further that she had filed suit against Steven and Cynthia to recover the debt and that the suit was still pending at the time of her testimony. Matthews is not a party to this suit and the existence and validity of the alleged debt is before another court. Matthews' testimony and the letter she presented are insufficient to establish the existence and validity of a community debt. Cynthia did not even list the alleged debt on her detailed descriptive list. While Steven lists the alleged debt on his list, he specifies no amount and makes no comment on its validity. Under these circumstances we find the information on Steven's descriptive list insufficient to constitute a judicial admission of the debt. Therefore, neither Steven nor Cynthia has admitted the amount owed or judicially admitted that they in fact owe the debt.

Moreover, in his brief to this court, Steven asserts that the trial court was correct in ignoring the debt because the debt is no longer valid. Specifically, he avers that the debt has prescribed. This issue was not raised below and, therefore, we will not consider it. However, the fact that it is being asserted further demonstrates that the existence of the debt is still in dispute. Accordingly, we find the trial court correctly declined to assign this debt because it has not been proven.

5

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Cynthia Soileau.

**AFFIRMED.**

NUMBER 03-1282

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STEVEN B. SOILEAU

      Plaintiff - Appellee

Versus

CYNTHIA BAILEY SOILEAU

      Defendant - Appellant

On appeal from the Ninth Judicial District Court [No. 177, 306], for the Parish of Rapides, State of Louisiana; the Honorable B. Dexter Ryland, District Judge, presiding.

Woodard, J., dissenting, in part.

Respectfully, I dissent from the majority's analysis and conclusions regarding the debt the community owes to Helen Matthews. I must agree with Cynthia that the trial court abused its discretion in its failure to include and assign it, as Steve, himself, established its validity in the trial court and Cynthia did not dispute it but, rather, acknowledged it.

Specifically, under oath, Steve asserted in his sworn detailed descriptive list that the community owed a debt to Ms. Matthews, though he did not know the amount of that debt. The majority finds that he did not admit its validity because he, merely, listed it on his sworn descriptive list; he did not "comment on its validity." However, the act of swearing that the item is a liability of the community demonstrates that he believed it to be valid. That is precisely what a detailed descriptive list is – a list that "contains all of the community assets and liabilities then known to that party."[1]

The majority, also, notes that Cynthia did not list the debt on her sworn descriptive list. However, she did not file her own list. Rather, in her answer, she

_____

[1]La.R.S. 9:2801(1)(b).

traversed, only, those things in Steve's list with which she disagreed. She did not disagree that the community has a liability to Ms. Matthews. Thus, both parties agreed that the community owes a debt to Ms. Matthews. Since Cynthia did not traverse this item, the only question for the trial court to address was the amount of the debt for which Steve presented evidence.

At trial, it was he who called Ms. Matthews as a witness to establish the amount of the debt. Specifically, his attorney asked her:

> Q. I'm going to show you a letter and some attachments that Mr. Hays sent to me, and I'll mark this Plaintiff's exhibit #16, and ask you if this – if these are the checks and the note as well as the letter that was sent by your attorney to me *setting forth what the debt is*?
>
> A. Yes, sir.

The majority finds that the debt's validity was in dispute because, apparently, Ms. Mathews was attempting to have the debt reduced to judgment in another proceeding. However, again, neither party disputed the debt's validity during the only proceeding that was before the trial court, and now us, nor does the record even contain a suit number or other sufficient reference information to forestall the trial court's obligation to assign the debt. Furthermore, Steve did not request that the court withdraw the item from his sworn list of the community's debts. In other words, the only evidence in *the record before us* is that neither Steve nor Cynthia disputed that the community owes a debt to Ms. Matthews and Ms. Matthews' testimony, which clarified the amount of the debt, is unrefuted. Accordingly, the record reveals uncontradicted testimony of the debt and its amount, and the trial court abused its discretion by not assigning it.

Furthermore, prescription does not offer a reasonable basis for the trial court to have ignored the debt. Neither party raised the prescription issue at the trial court, and courts are not permitted to recognize it on their own.[2] The first and only time Steve raised the issue of prescription in the course of these proceedings was in his brief to this court. However, this is inadequate because appellate briefs are no more

---

[2]La.Civ.Code art. 3452; La.Code Civ.P. art. 927(B).

2

than written arguments. They are not pleadings or part of the record on appeal.[3] Steve did not plead prescription in the trial court, answer Cynthia's appeal, file his own appeal in this matter, or offer any formal plea of prescription in this court.

Furthermore, a party must specifically plead the affirmative defense of prescription.[4] La.Civ.Code art. 3452 and La.Code Civ.P. art 927(B), explicitly, prohibit courts from supplying any *objection* or *plea* of prescription. Therefore, neither we nor the trial court can supply the plea *sua sponte*.[5]

Usually, prescription is pled in a peremptory exception because it has the effect of terminating the action.[6] However, in the instant case, the prescription plea is atypical; it simply operates as an affirmative defense against the validity of a community debt. Normally, an affirmative defense constitutes a defense to the plaintiff's assertions and is pled in the defendant's answer.[7] However, further compounding the procedural complexity in this case is Steve's attempt to raise an affirmative defense, not to Cynthia's assertions, but to assertions he made in his own pleadings. Specifically, in his <u>sworn</u> descriptive list, he admitted that the community owed a debt to Ms. Matthews. At trial, it was he who called Ms. Matthews as a witness and solicited testimony to prove the validity of the debt, establishing its amount and that he and Cynthia had incurred it during the community's existence.

When a party makes a declaration in a judicial proceeding, such as Steve did in his sworn detailed descriptive list, the declaration is deemed a judicial confession and constitutes full proof against him of the fact declared.[8] Thus, he cannot, now on appeal, deny a fact to which he has judicially confessed[9] and, in fact, established through his own affirmative proof.

---

[3]*Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 584 So.2d 1181 (La.App. 5 Cir. 1991).

[4]*Id.*

[5]La.Civ.Code art. 3452.

[6]*See* La.Code Civ.P. arts. 923 & 927.

[7]La.Code Civ.P. art. 1005.

[8]La.Civ.Code art. 1853.

[9]*Id.*

Thus, there is no basis for the trial court's failure to recognize this community debt and to do so was an abuse of discretion.