JjDECUIR, Judge.
Cynthia Soileau appeals the trial court’s judgment, assigning error to two aspects of the judgment partitioning property of the former community between Cynthia and her former husband, Steven Soileau. For the reasons that follow, we affirm.
*586 FACTS
After a ten-year marriage, Steven and Cynthia Soileau divorced in 1995. In 1998, he sought to partition their community property. The trial court heard the case in 2000, took the matter under advisement, and rendered a partition judgment in 2002. Cynthia appeals, assigning error to two aspects of the judgment, namely, the trial court’s failure to assign any value to the business Steven runs and its failure to recognize the community debt owed to Helen Matthews.
VALUATION OF THE BUSINESS
Steven started out as a self-employed carpenter. He now runs Soileau Construction/Remodeling, an unincorporated business. Cynthia argues this is a commercial business and, therefore, has an inherent value based on goodwill. Thus, she appeals the trial court’s ruling that the business has no value.
During the trial, she requested the trial court appoint an expert in accordance with La.R.S. 9:2801(4)(a) to assess the value of the business. Both parties concurred in the appointment of Mr. Bobby Lester, a certified public accountant, who ultimately concluded the business had no value. Cynthia did not present any evidence to refute Mr. Lester’s opinion, but she now argues that, notwithstanding Mr. Lester’s valuation, the trial court should have given value to the goodwill associated with the business.
| aWe cannot agree. “Goodwill has been defined as the probability that customers of an established business will continue to patronize the business.” Landry v. Simon, 98-1386, p. 2 (La.App. 8 Cir. 3/17/99), 732 So.2d 587, 588, writ denied, 99-1050 (La.5/28/99), 743 So.2d 672 (citing Godwin v. Godwin, 533 So.2d 1009 (La.App. 1 Cir.1988), writ denied, 537 So.2d 1165 (La.1989)). We do not include goodwill in the value of a business if it is a “professional corporation in which the goodwill results solely from the identity of the professional and his personal relationship with patients or clients.” Landry, 732 So.2d at 588 (citing Head v. Head, 30,585 (La.App. 2 Cir. 5/22/98), 714 So.2d 231). However, goodwill can be included in determining the value of a commercial business. Landry, 732 So.2d 587.
There is insufficient evidence in the record to determine whether this is a commercial business, that is, a business that can be bought or sold in the market, or a professional corporation. Collier v. Collier, 00-1263 (La.App. 3 Cir. 7/18/01), 790 So.2d 759, writ denied, 01-2365 (La.12/7/01), 803 So.2d 30. However, assuming, arguendo, that it is a commercial business, we still find no error in the trial court’s determination. While goodwill can be included in valuing a commercial business, it is not mandatory. Landry, 732 So.2d 587. In the instant case, the record is silent regarding the value of any goodwill, and the expert did not assign it any value. This was Cynthia’s burden of proof, which she failed to satisfy.
Cynthia directs us to jurisprudence concerning general business valuation methods; however, she presented no evidence at trial of how these methods apply to the business at issue. Further, while Cynthia suggests that we remand the case for the taking of appropriate evidence to establish the goodwill value, she provides no indication that she was prevented from offering such evidence at the time of trial. To remand the case under these circumstances would be to encourage piece-meal l.glitigation. Given the record before us, we find no extraordinary circumstances which necessitate a remand.
The determination of the value of this business is a factual one which we will not *587 disturb absent manifest error. See Collier, 790 So.2d 759. Given the unrefuted evidence of “no value,” we find no manifest error in the trial court’s determination and reliance on Mr. Lester’s valuation. Thus, we affirm its ruling.
DEBT TO HELEN MATTHEWS
Cynthia contends that the trial court erred in failing to assign the community debt owed to her aunt, Helen Matthews.
The trial court did not mention the debt in its judgment or its written reasons for judgment. “As a general rule, where a judgment is silent with respect to any demand which was at issue in the case under the pleadings, such silence constitutes a rejection of that demand.” Green v. L & F Constr., Inc., 02-524, p. 4 (La.App. 3 Cir. 10/30/02), 829 So.2d 1206, 1209 (quoting Edwards v. Daugherty, 97-1542, p. 38 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112, 1134,) writs denied, 99-1393, 747 So.2d 1105, 99-1434 (La.9/17/99), 747 So.2d 1105. Moreover, we recognize that “a trial court has broad discretion in adjudicating issues raised in a proceeding for partitioning of the community regime.” Aymond v. Aymond, 99-1372, p. 11 (La.App. 3 Cir. 3/1/00), 758 So.2d 886, 892 (citing Queenan v. Queenan, 492 So.2d 902 (La.App. 3 Cir.), writ denied, 496 So.2d 1045 (La.1986)). In the instant case, we find no abuse of discretion in the trial court’s failure to include and assign the alleged debt to Matthews.
Cynthia did not include the debt on her detailed descriptive list. In his detailed descriptive list, Steven listed a possible community debt but specified no amount. Matthews testified that she loaned the couple a little over $75,000.00 from 1987 to IJ.991, some of which she loaned to Steven for the construction business and some of which she loaned to both of them. Matthews presented a copy of a letter from her attorney to Steven’s attorney which stated the amount of the debt was $75,825.00. However, the canceled checks and promissory note attached to this correspondence total only $60,825.00. She testified that on December 27, 1997, some two years after the divorce, Cynthia made one $500.00 payment on the debt. Whatever the import of this untimely payment, Cynthia’s actions cannot be construed as a waiver of any rights on the part of Steven with regard to the alleged debt. See Bridges v. Bridges, 96-1191 (La.App. 3 Cir. 3/12/97), 692 So.2d 1186.
Matthews testified further that she had filed suit against Steven and Cynthia to recover the debt and that the suit was still pending at the time of her testimony. Matthews is not a party to this suit and the existence and validity of the alleged debt is before another court. Matthews’ testimony and the letter she presented are insufficient to establish the existence and validity of a community debt. Cynthia did not even list the alleged debt on her detailed descriptive list. While Steven lists the alleged debt on his list, he specifies no amount and makes no comment on its validity. Under these circumstances we find the information on Steven’s descriptive list insufficient to constitute a judicial admission of the debt. Therefore, neither Steven nor Cynthia has admitted the amount owed or judicially admitted that they in fact owe the debt.
Moreover, in his brief to this court, Steven asserts that the trial court was correct in ignoring the debt because the debt is no longer valid. Specifically, he avers that the debt has prescribed. This issue was not raised below and, therefore, we will not consider it. However, the fact that it is being asserted further demonstrates that | sthe existence of the debt is still in dispute. Accordingly, we find the trial court *588 correctly declined to assign this debt because it has not been proven.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Cynthia Soileau.
AFFIRMED.
WOODARD, J., dissents in part and assigns reasons.