NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-312

RAQUEL ANTOINETTE LANDRY AUZENNE

VERSUS

SCOTT DOUGLAS AUZENNE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20060219
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Kay Karre Gautreaux
Attorney at Law
405 W. Convent St.
Lafayette, LA 70501
(337) 232-7747
Counsel for Defendant-Appellee:
Scott Douglas Auzenne

Lenise R. Williams
Attorney at Law
423 W. Vermilion St., Suite 2
Lafayette, LA 70501
(337) 504-3311
Counsel for Plaintiff-Appellant:
Raquel Antoinette Landry Auzenne

**PICKETT, Judge.**

<u>STATEMENT OF THE CASE</u>

Scott Auzenne and Raquel Landry were married on May 11, 2002. Prior to their marriage, they had a child together in 1996 and they co-habitated for several years, beginning in 1998 or 1999. On January 17, 2006, Ms. Auzenne filed for divorce, and a judgment of divorce was rendered on September 28, 2006.

In terminating the community, the parties negotiated most of the elements of the settlement, including the classification and value of nearly all of the assets and debts of the community. The only issue presented to the trial court for a determination was the classification of the immovable property on which the couple built a home during the marriage.

Ms. Auzenne argued that the land was her separate property. She purchased the property in her name on March 27, 2001, prior to the marriage. Mr. Auzenne challenged that classification. He argued that even though only Ms. Auzenne's name appears on the deed to the land, the funds for the purchase of the land came from a joint checking account held by the couple prior to their marriage. Further, Ms. Auzenne paid for a portion of the purchase price of the property by increasing the amount of the mortgage on the family home that was built on the land.

The trial court heard arguments and testimony on the issue of the classification of the property on April 17, 2008. At the conclusion of the hearing, the trial court ruled in favor of Mr. Auzenne. The parties then negotiated the remaining elements of the judgment which depended on the classification of the land, including the

1

classification of the family home and reimbursement therefore. The trial court signed

a judgment on August 4, 2008. Ms. Auzenne now appeals.[1]

## ASSIGNMENT OF ERROR

The appellant, Ms. Auzenne, asserts two assignments of error:

1.     The trial court erred in classifying the marital residence as community property.

2.     The trial court erred in awarding the Mr. Auzenne a one-half reimbursement of the value of the separate property of Ms. Auzenne.

## DISCUSSION

*Motion to Supplement Designated Record*

Ms. Auzenne filed a Motion to Supplement Designated Record with this court.

She has attached certain bank records which were not introduced at trial and a letter

from her former attorney to Mr. Auzenne's attorney. The motion argues that the bank

records introduced at trial are incomplete for the purpose of making a determination

of reimbursement pursuant to La.Civ.Code art. 2366.

Louisiana Code of Civil Procedure article 2132 states:

> A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

There is no allegation in the motion that the documents she seeks to add to the record

were introduced into the record at the trial court. "Appellate courts are courts of

record and may not review evidence that is not in the appellate record, or receive new

---

[1]Mr. Auzenne filed a Motion to Dismiss the Appeal as untimely. This court issued an unpublished opinion on April 14, 2009, denying the motion and maintaining the appeal.

2

evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Therefore, the motion is denied.

*Classification of the Home as a Community Asset*

Ms. Auzenne argues that the trial court erred in classifying the home built by the Auzennes as a community asset rather than a separate asset. She argues that the classification of the home as community or separate and the reimbursement due to Mr. Auzenne should be determined by La.Civ.Code art. 2366. Article 2366 states that a home built with community funds on the separate property of one of the spouses becomes the property of the owner of the ground, subject to reimbursement to the non-owner spouse for one-half of the value of the community property used to construct the improvement. The classification of property as community or separate is a finding of fact subject to the manifest error standard of review. *Young v. Young*, 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541.

The record indicates that on all of the descriptive lists entered by Ms. Auzenne and Mr. Auzenne, the home was classified as community property. The only issue presented to the trial court at the April 17, 2008, hearing was on the ownership of the land. The trial court did not make a ruling on the classification of the property as either separate or community, as the parties had stipulated that it was a community asset.

Rule 1-3 of the Uniform Rules of the Courts of Appeal clearly states that we will only entertain appeals of issues that were submitted to the trial court. The issue of the classification of the home as a community asset or a separate asset was not submitted to the trial court. Furthermore, the sworn detailed descriptive list is a

3

judicial confession of the facts therein, and Ms. Auzenne declared that the house was a community asset. *See Soileau v. Soileau*, 03-1282 (La.App. 3 Cir. 4/7/04), 870 So.2d 584. Therefore, we will not address this assignment of error.

*Reimbursement of the Value of the Immovable Property*

While the trial court's reasons for judgment analogized the situation of the couple prior to marriage as the same as the situation that exists in a community, the trial court's judgment actually states:

> The issue of the reimbursement due to Scott Auzenne for his contributions to his wife's separate asset was litigated before the Honorable Judge Phyllis Keaty. After a hearing on the merits, the Court rendered an oral Ruling declaring Scott Auzenne had contributed 50% of the $24,000, to the separate asset of Raquel Landry.

The land was purchased solely by Ms. Auzenne. But the trial court did find that the land was purchased with funds from an account held jointly by both parties before their marriage. Both parties deposited their paychecks into this account and paid their bills from this account for years before they were married. There was also evidence that the final $5,000.00 of the note on the land was paid for by increasing the closing costs on the home the couple built during their marriage.

We cannot find that the trial court erred in finding that Mr. Auzenne was entitled to a credit for half of the value of the separate property of Ms. Auzenne. This assignment of error lacks merit.

## **CONCLUSION**

The judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to the appellant, Ms. Auzenne.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

4