# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-974

ROBERT MINOR

VERSUS

J & J CARPET, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 1-EAST
PARISH OF OUACHITA, NO. 08-02465
BRENZA IRVING JONES, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Donald J. Anzelmo**
**Snellings, Breard, Sartor, Inabnet & Trascher, L.L.P.**
**Post Office Box 2055**
**Monroe, LA   71201**
**(318) 387-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **J & J Carpet, Inc.**

**Paul H. Benoist**
**Benoist Law Offices**
**329 Market Street**
**Natchez, MS   39120**
**(601) 445-4148**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Robert Minor**

**AMY, Judge.**

In a previous hearing, the workers' compensation judge found that the claimant had been injured in the course and scope of his employment and awarded benefits. The claimant subsequently instituted this proceeding, seeking to enforce the judgment and requesting penalties and attorney fees. After a hearing, the workers' compensation judge found that the defendants reasonably relied on representations by the claimant's attorney that he would obtain and forward the outstanding medical bills. However, the workers' compensation judge found that the defendants paid three medical bills untimely. Accordingly, the workers' compensation judge awarded penalties and attorney fees for those three bills and otherwise denied the claimant's requests. The claimant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The claimant, Robert Minor, alleged that he injured his back while picking up a piece of granite. After his employer denied workers' compensation benefits, he instituted a disputed claim for benefits. After a hearing, the workers' compensation judge found that the claimant was injured in the course and scope of his employment and, in a judgment signed on September 14, 2009, awarded indemnity benefits, medical benefits, and penalties and attorney fees. The defendants appealed and a panel of this court affirmed the judgment of the workers' compensation judge. *See Minor v. J & J Carpet, Inc.*, 10-45 (La.App. 3 Cir. 6/2/10), 40 So.3d 434.

After the September 14, 2009 judgment became final, the claimant filed a motion to enforce judgment, alleging that the defendants had failed to pay the claimant's outstanding medical bills in accordance with the time periods delineated in La.R.S. 23:1201(G). Therein, the claimant requested penalties and attorney fees

and that he be authorized to file a copy of the judgment in the mortgage records of several parishes. Further, the claimant asked the workers' compensation judge to request that the Louisiana Insurance Commissioner suspend or revoke the workers' compensation insurer's license. On the morning of the hearing, the claimant filed a motion to amend, in part asserting that the defendants were not entitled to rely on the reimbursement fee schedule and should pay 100% of the claimant's medical bills and that the payment should be made directly to the claimant and not the medical providers.

After a hearing, the workers' compensation judge found that the defendants reasonably relied on a letter from the claimant's attorney "that he would forward the bills for payment." Based on this finding, the workers' compensation judge found that the majority of the medical bills were paid timely. However, the workers' compensation judge found that three bills[1] were not paid within thirty days after "the defendants were placed on notice that they were due and that it was up to them to be paid." Thus, the workers' compensation judge awarded penalties for the failure to pay those bills within the time periods set out in La.R.S. 23:1201(G). The workers' compensation judge also awarded $1,000.00 in attorney fees. Otherwise, the workers' compensation judge denied the claimant's requests.

The claimant appeals, asserting as error:

1. The trial court committed legal error when, in a complete benefits denial case, post-final, non-appealable judgment, it reduced Claimant's outstanding medical expenses from one hundred percent (100%) to the reimbursement schedule amount that would have been applicable, had the defendants accepted Claimant's claim at the outset and paid Claimant['s] medical expenses timely.

2. The trial court committed legal error by construing Exhibit D-1 as a waiver by Claimant, thereby allowing the Employer Defendant and its insurance carrier to late-pay the medical expenses

---

[1] In the judgment signed on June 2, 2011, the workers' compensation judge awarded penalties for two bills payable to Natchez Community Hospital in the amounts of $557.60 and $458.18 and one bill payable to River Oaks Hospital in the amount of $17,435.13.

2

of Claimant to Claimant's medical providers at the workers['] compensation reimbursement schedule, without penalty, more than thirty (30) days after the original judgment was noticed by this court on June 2, 2010, and became final and non-appealable on or about July 2, 2010, and by not awarding Claimant penalties of at least $34,425.90.

3. The trial court committed legal error by failing to grant an order authorizing the filing of a certified copy of the judgment dated September 14, 2009 in the mortgage records of Concordia Parish, Louisiana, East Baton Rouge Parish, and any other parish where the assets of J & J Carpet, Inc[.] and LEMIC Insurance Company may be found, pursuant to Louisiana Revised Statutes 23:1201.3.

4. The trial court committed legal error by not ordering or requesting that the Louisiana Insurance Commissioner suspend or revoke the license or authority of LEMIC Insurance Company to do workers' compensation business in this state based on its claims adjusting practices whereby it intentionally did not pay Minor's medical expenses, post final, non-appealable judgment.

5. The trial court committed legal error by not ordering the Employer Defendant to reimburse Mississippi Medicaid all sums expended for Robert Minor's care arising from his work injury of January 11, 2008.

6. The trial court abused its discretion by awarding Claimant attorney[] fees of only $1,000.00 for post-final, non-appealable judgment discovery, evidence gathering, research, preparation of pleadings, briefing, travel and trial of the Motion to Enforce on a post-final, non-appealable judgment claim with $98,062.23 in unpaid medical bills, subject to a 24% penalty.

**Discussion**

*Findings of Fact*

The claimant asserts that the workers' compensation judge erred in considering a letter from claimant's counsel as a "waiver," which permitted the defendants to pay the claimant's medical bills outside of the thirty day time period permitted by La.R.S. 23:1201(G). The claimant additionally asserts that many of the medical bills were entered into evidence at a previous hearing and that the defendants should have been aware of the bills.

3

Louisiana Revised Statutes Article 23:1201(G) concerns the defendants' failure to pay a judgment timely, stating, in relevant part:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control.

The reasoning for a defendant's failure to pay a final, nonappealable judgment within thirty days is a finding of fact subject to the manifest error standard of review. *Wilzcewski v. Brookshire Grocery Co.*, 10-1148 (La.App. 3 Cir. 3/16/11), 59 So.3d 530.

According to the insurer's claims adjuster, Alyson Cranston, she received a letter from claimant's counsel dated July 13, 2010, stating that he had "requested from all the providers all unpaid medical bills on this matter." The record indicates that the defendants paid all other portions of the September 14, 2009, judgment timely and, when the claimant forwarded medical bills to the defendants in July and October 2010, the defendants paid those bills timely. We note that Ms. Cranston testified that it would be very hard for the insurer to obtain all of the claimant's medical bills, especially because many services are billed separately from hospital stays.

Ms. Cranston testified that after the motion to enforce judgment was filed on December 14, 2010, she started "tracking down" the medical bills when she realized that the claimant's attorney was not going to forward any more of the bills to her. The record indicates that most of the claimant's medical bills were paid by January 11, 2011. However, according to the record, three bills were paid in

4

March 2011, and the workers' compensation judge found that those three bills were not paid timely.

Given the deference afforded the workers' compensation judge's findings regarding the reasoning behind the defendants' failure to timely pay the medical benefits, we find no error in the workers' compensation judge's determination that the defendants were not liable for penalties and attorney fees pursuant to La.R.S. 23:1201(G). The record supports the workers' compensation judge's finding that the defendants reasonably relied on a letter sent by claimant's counsel on July 13, 2010 indicating that the claimant would forward any unpaid medical bills to the defendants. *See Laird v. Highpoint Sw. Servs.*, 10-600 (La.App. 4 Cir. 9/22/10), 49 So.3d 928. *Cf. Davis v. City of New Orleans*, 97-1626 (La.App. 4 Cir. 1/28/98), 706 So.2d 669.

This assignment of error is without merit.

*Applicability of Fee Schedule and Reimbursement of Mississippi Medicaid*

The claimant also contends that the workers' compensation judge erred in not awarding 100% of the claimant's medical expenses, rather than the amount under the reimbursement fee schedule,[2] and that the workers' compensation judge erred in not requiring the defendants to reimburse Mississippi Medicaid for its expenses related to the claimant's care. In this case, the first time that the claimant asserted these claims was in his motion to amend the motion to enforce judgment.

---

[2] Louisiana Revised Statutes 23:1203(B) addresses the employer's obligations regarding payment for medical services, stating:

> The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less. Any out-of-state provider is also to be subject to the procedures established under the office of workers' compensation.

The record indicates that the motion to amend was filed on May 2, 2011.[3] The hearing was held in this matter on May 2, 2011. With regard to reimbursement of Mississippi Medicaid, the record does not indicate that additional argument was held on this issue at the hearing. With regard to the claimant's request concerning the applicability of the fee schedule, the workers' compensation judge found that both the defendants and the court would be prejudiced by considering such a late-filed request.[4] Specifically, the workers' compensation judge stated that she was not going to allow "that type of 'quote-unquote' pleading" and that only penalties and attorney fees would be addressed at the hearing.

Given the claimant's untimely assertion of his requests concerning the applicability of the fee schedule and Medicaid reimbursement, we find no error in the workers' compensation judge's decision to not consider those requests. *See Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654.

This assignment of error is without merit.

*Recording of Judgment*

The claimant also asserts that the workers' compensation judge erred in failing to authorize him to file a certified copy of the original judgment in the mortgage records of any parish where the assets of the defendants might be located. The defendants note that the workers' compensation judge granted this request orally at the hearing, but that it was not memorialized in the written judgment.

---

[3] The workers' compensation judge indicated that the motion had been "faxed over Friday at 12:35 p.m. and the original brought into court this morning."

[4] We note that although the workers' compensation judge refused to consider the claimant's request at the May 2, 2011 hearing, she permitted claimant's counsel to file an appropriate motion within thirty days on that issue.

In *LaRocca v. Bailey*, 01-618, pp. 11-12 (La.App. 3 Cir. 11/7/01), 799 So.2d 1263, 1270-71, a panel of this court discussed the conflict between the judge's oral reasons for judgment and a signed, written judgment, stating:

> What is said in open court will not take the place of a signed judgment. In *René v. René*, 95-0460 (La.App. 4 Cir. 6/29/95)[,] 657 So.2d 788, the court found that a trial judge's oral reasons for judgment following the hearing must be reduced to a signed, written judgment before the movant could appeal. "When the oral reasons or minute entry conflicts with the written judgment, the latter governs. The trial judge may, within his authority, render judgment which differs substantially from his prior oral statements. Such oral reasoning forms no part of the judgment. It is the formal, signed judgment which governs the controversy." *Marino v. Marino*, 576 So.2d 1196, 1198 (La.App. 5 Cir. 1991). (Citation omitted). Even written reasons for judgment contained in the record are unappealable until qualified within the context of a written, final, and appealable judgment. *City of Kaplan v. Mayard*, 616 So.2d 826 (La.App. 3 Cir. 1993).

Accordingly, this court reviews the signed, written judgment, which makes no mention of the claimant's request to record a copy of the judgment in the mortgage records of various parishes. Generally, where the judgment is silent as to a demand which was at issue, that request is deemed denied. *Soileau v. Soileau*, 03-1282 (La.App. 3 Cir. 4/7/04), 870 So.2d 584.

Louisiana Revised Statutes 23:1201.3(A) addresses the workers' compensation judge's ability to authorize judicial mortgages, stating, in relevant part:

> If payment of compensation or an installment payment of compensation due under the terms of an award, except in case of appeals from an award, is not made within ten days after the same is due by the employer or insurance carrier liable therefor, the workers' compensation judge may order a certified copy of the award to be filed in the office of the clerk of court of any parish, which award whether accumulative or lump sum, when recorded in the mortgage records, shall be a judicial mortgage as provided in Civil Code Article 3299.

The language of La.R.S. 23:1201.3(A) is permissive and not mandatory. *See* La.R.S. 1:3 and 1:4; *Whitley v. State ex rel. Bd. of Sup'rs of La. State Univ. Agr.*

7

*Mech. Coll.*, 11-40 (La. 7/1/11), 66 So.3d 470. Thus, we find no error in the workers' compensation judge's omission of this request in the written judgment.

This assignment of error is without merit.

*Revocation of Insurer's License*

The claimant additionally asserts error in the workers' compensation judge denial of his entreaty that the workers' compensation judge request that the Louisiana Insurance Commissioner suspend or revoke the defendant's workers' compensation insurer's license. At the hearing, in her reasons for judgment, the workers' compensation judge indicated that the claimant's request in this regard was denied.[5]

Louisiana Revised Statutes 23:1201.3(C) provides that,

> If any insurance carrier intentionally, knowingly, or willfully violates any of the provisions of the Workers' Compensation Act, the insurance commissioner, on the request of a workers' compensation judge or the director, shall suspend or revoke the license or authority of such insurance carrier to do compensation business in this state.

A plain reading of the statute requires a finding by the workers' compensation judge or the director that the insurance carrier "intentionally, knowingly, or willfully" violated the Workers' Compensation Act. A review of the record indicates that the workers' compensation judge made no such finding. To the contrary, as discussed previously, the workers' compensation judge found that the defendants relied on a letter from the claimant's counsel "that he would forward bills for payment." Further, we found no error in the workers' compensation judge's findings or in her judgment awarding penalties and attorney fees for three late-paid medical bills. Accordingly, we find no error in the workers' compensation judge's denial of the claimant's request concerning revocation or

---

[5] The claimant's request to suspend or revoke the insurer's license was not mentioned in the signed, written judgment. As previously mentioned, generally, where the judgment passes over in silence a matter which was at issue, that issue is considered denied. *Soileau*, 870 So.2d 584.

suspension of the insurer's license to do compensation business in this state.

This assignment of error is without merit.

*Attorney Fees*

Finally, the claimant asserts that the workers' compensation judge erred in awarding only $1,000.00 in attorney fees. The amount of an award of attorney fees is within the discretion of the workers' compensation judge, so long as that amount is supported by the record. *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La. 11/28/00), 773 So.2d 694. "The factors usually taken into account when fixing the amount of attorney fees to be awarded in workers' compensation cases are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case." *Langley v. Petro Star Corp. of La.*, 01-198, p. 11 (La. 6/29/01), 792 So.2d 721, 727.

The record indicates that the hearing in this matter took less than one day. Further, although the penalties sought by the claimant were large, he was ultimately successful on only a portion of that claim. Accordingly, we find no error in the workers' compensation judge's award of $1,000.00 in attorney fees.

This assignment of error is without merit.

*Attorney Fees for Work Done on Appeal*

The claimant also asserts that he is entitled to an award of attorney fees in the amount of $7,500.00 for work done on appeal. We have already determined that the claimant's assignments of error are without merit, and we decline to award additional attorney fees for this unsuccessful appeal. *Soileau v. R & H Refractory Services, Inc.*, 01-355 (La.App. 3 Cir. 10/3/01), 796 So.2d 903, *writ denied*, 01-2954 (La. 1/25/02), 807 So.2d 841.

9

**DECREE**

The judgment of the workers' compensation judge is affirmed in all respects.

Costs of this proceeding are assessed to the claimant, Robert Minor.

**AFFIRMED.**