839 So.2d 304 (2003)
Elizabeth Plaia Schiro, Wife of Joseph Andrew SCHIRO
v.
Joseph Andrew SCHIRO.
No. 02-CA-542.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*305 Frank P. Tranchina, Jr., Cynthia A. De Luca, Metairie, LA, for Appellant.
Ronald S. Hagan, Metairie, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Defendant/Appellant, Joseph Schiro, appeals the trial court's valuation of his business in a proceeding to partition community property. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Elizabeth Plaia Schiro, and defendant, Joseph Andrew Schiro, were married on October 18, 1986. On July 29, 1999, Mrs. Schiro filed for divorce in the 24th Judicial District Court for the Parish of Jefferson. The divorce was made final on October 25, 1999. On August 1, 2001, there was a hearing to determine the value of Schiro-Del Bianco Enterprises, a community asset. The trial court issued judgment on September 12, 2001, and it is from this judgment that Mr. Schiro presently appeals.

LAW AND ARGUMENT
On appeal, Mr. Schiro raises two assignments of error. First, he argues that the trial court erred in finding that Schiro-Del Bianco Enterprises was a commercial business for which goodwill could be used in the valuation. Second, Mr. Schiro asserts that the trial court erred in attributing a value of $800,000.00 to Schiro-Del Bianco Enterprises.
An appellate court generally reviews the factual findings of a trial court according to the manifest error standard of review. As stated in Canter v. Koehring Co.:[1]
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.[2]
The following facts were elicited at trial: Beginning approximately in 1988, Joseph Schiro began a partnership with Fulvio Del Bianco that was in the business of laying tile. Schiro-Del Bianco Enterprises, Inc., was not incorporated until 1994, however. The business operates out of Mr. Schiro's mother's home. Both Mr. Schiro and Mr. Del Bianco each own a 50% share of the business. Aside from the equipment it uses to complete jobs, the corporation does not keep any inventory in stock. In the day-to-day operations of the *306 partnership, Mr. Schiro was responsible for the administrative aspects of running the business such as estimating job costs, coordinating work crews, accounting, payroll, and general office work. Mr. Del Bianco's duties included physically laying the tile as well as overseeing work crews. No advertising takes place for the business, which instead obtains jobs through "word of mouth" and contacts within the local construction industry.
We first consider the issue of whether the trial court erred in classifying Schiro-Del Bianco Enterprises as a commercial entity for which goodwill could be used in evaluating the business' worth. The Second Circuit noted in Head v. Head,[3] in regard to goodwill:
Goodwill is recognized as an incidental property right in connection with commercial businesses. Its value may properly be included in the evaluation of a community-owned commercial business, in contrast to a one-person "professional" corporation where the goodwill results solely from the identity of the professional and his or her personal relationship with patients or clients. [Citations omitted].
Citing the case of Depner v. Depner,[4] Mr. Schiro argues that his tile laying business is akin to corporations established by other professions such as doctors, lawyers, and accountants, and therefore, goodwill should not be a factor. The court in Depner noted in regard to a definition of goodwill for a "professional" corporation:
The division of authority on the question of whether good will may exist in a profession dependent on the personal qualities of the professional himself has been stated in this manner; "...It has frequently been held that good will does not adhere to a business or profession dependent solely on the personal ability, skill, integrity, or other personal characteristics of the owner..." 38 C.J.S. Good Will § 3, pp. 952-953.
In contrast, the court in Godwin v. Godwin[5] noted in regard to the goodwill of a commercial business:
[T]his court, as were the Boyle and Ballero courts, is faced with a "commercial" business, "[t]he good will (sic) of [which] is an incidental property right connected with the business and capable of sale and transfer from one owner to the other." Going further, the Ballero court defined goodwill as "the probability that the customers of the old establishment will continue their patronage." [Citations omitted].
Mr. Schiro argues that the only difference between his tile laying business and that of professional practices, such as those of physicians and attorneys, is the professional licensing requirement. Mr. Schiro asserts that there is no organization that offers professional certification for tile layers, but that his and Del Bianco's knowledge, craftsmanship and professionalism "are very similar to the sorts of things necessary for a medical practice, law practice or CPA practice to be successful."
In the case of Collier v. Collier,[6] the Third Circuit considered the criteria to be used in the classification of an individual as a professional engineer. In that case, the court noted that professional status was *307 conveyed upon the engineer not only because of his special knowledge and ability, but also because of licensure by the state. The court further noted:
As stated in GLENN G. MORRIS & WENDELL H. HOLMES, 8 LOUISIANA CIVIL LAW TREATISE: BUSINESS ORGANIZATIONS § 42.02, at 448 (1999):
A professional corporation can render professional services only through individuals licensed to practice in this state. Of course, that does not prevent the corporation from hiring as employees individuals who, by custom and practice, are not usually considered to be rendering professional services.
Mr. Schiro further argues that, much like the professional practice in Depner, Schiro-Del Bianco Enterprises depends primarily upon the tile laying ability of Fulvio Del Bianco, who has a general reputation for his speed, attention to detail, quality consciousness, and artistic talent. Mr. Schiro asserts that, should Mr. Del-Bianco leave the business, as in the case of a sole practitioner professional, he could not be replaced. As the trial court in this case correctly noted in its oral reasons for judgment, however, the Depner court had limited its ruling specifically to the facts before it. The trial court stated it reasons for judgment:
The Court is going to ruleand I want to put it in detail in case either side wants to take appellate reviewand that is in this particular case I find this case to be different from Depner, in that Depner, by it's wordsAnd I read the case in its totality. It seemed to me that the Court in Depner was trying to bend over backwards to limit their ruling to a case with a sole practice professional. While it's close to what we have here, it's different. In that particular case, I think that a doctor while, running a business, he has more of an altruistic relationship with people, as some law firms do. In this particular case, I think this is a commercial business, and therefore, goodwill is a part of it.
Based upon our review of the record, we cannot say that the trial court was manifestly erroneous in finding that Schiro-Del Bianco Enterprises is a commercial business for which the principle of goodwill is applicable. While the craft of tile laying may take great ability, talent, and skill, we cannot say that the trial court erred in finding that Schiro-Del Bianco Enterprises did not meet the basic parameters of a "professional corporation," as discussed above. Further, Mr. Schiro is not making a claim that his very own contributions to the company are irreplaceable, as in the cases he cites in support of his position, but instead he relies upon the unique abilities and skills of his business partner, Mr. Del Bianco, to defeat the application of goodwill. It would appear an argument analogizing the individual skill of an artisan to that of a licensed professional, such an attorney or physician, would be more properly raised by the individual artisan possessing such skill. We also specifically note the absence of legal precedent for the classification of a non-licensed artisan's business as that of a professional practice, as Mr. Schiro urges the trial court should have done. Accordingly, we find this assignment to be without merit.
Mr. Schiro next argues that the trial court erred in its valuation of Schiro-Del Bianco Enterprises, specifically that the trial court erred in relying on the testimony of Mrs. Schiro's expert, Albert J. Derbes, III, and upon his own testimony, where he stated that he had listed the value of the business as $1,000,000.00 on a loan application.
In Head v. Head, supra, the court noted in regard to business valuation methods:

*308 Business valuations methods are not an exact science and are basically guides to determine a fair market value for buyers and sellers of a given business. Here, the evaluation is made for the purpose of resolving community property disputes. Given the dynamics of businesses and business practices, factoring in circumstances that may be unique to the parties, an inflexible formula for determining value is said to be impractical. Achee v. National Tea Company, 95-2556 (La.App. 1st Cir.12/20/96), 686 So.2d 121, 125.
The court in Head further noted in regard to the trier of fact's evaluation of expert testimony in community valuation cases:
Generally, the trier of fact is not bound by expert testimony, but is to hear and weigh expert testimony in the same manner as any other evidence. Reasonable and well-founded opinion should be considered. Watts v. Watts, 552 So.2d 738, 740 (La.App. 1st Cir. 1989). The weight to be given expert testimony is dependent upon the professional qualifications and experience of the expert and especially on the facts on which that expert's opinion is based. Goodwin v. Goodwin, 618 So.2d 579 (La. App. 2d Cir.1993).
The fact-trier is entitled to assess the credibility and accept the opinion of an expert just as with other witnesses, unless the stated reasons of the expert are patently unsound. The effect and weight to be given the expert's testimony depends upon the validity of the underlying facts relied upon by the expert, and rests within the broad discretion of the trial judge. Chance v. Chance, 29,591 (La.App. 2d Cir. 5/7/97), 694 So.2d 613, 617.
In the present case, there was testimony from several expert witnesses in the field of forensic accounting. There was no dispute that Mrs. Schiro is entitled to one-half of the community ownership of the business based upon Mr. Schiro's fifty percent ownership, or twenty-five percent of the total value of the corporation.
Albert J. Derbes, III, who testified on behalf on the plaintiff, stated:
I looked at the possibility of looking doing something based on net worth. The company doesn't have any net worth because the owners take all the money out every year in one form or another. So that means that there had to be some other explanation for a large amount of net income that was being produced.
And the only way you can value that kind of business is to look at the goodwill factor and develop that.
Based upon a capitalized excess earnings method of determining the value of Schiro-Del Bianco Enterprises, as well as the value of goodwill, Derbes testified that the value of the business was $1,151,104.72.
Three experts gave their opinion their valuation of Schiro-Del Bianco Enterprises to the court on behalf Mr. Schiro as well. Kern Shafer estimated that, based upon adjusted book value, Schiro Del Bianco Enterprises was valued at $75,000.00. Eric Rigby estimated the value of the business at $136,000.00; Bruce Miller assigned the company a value $132,500.00. None of Mr. Schiro's experts included the value of goodwill into their calculations.
Mr. Schiro also testified at trial, stating that Schiro-Del Bianco Enterprises did approximately $1,000,000.00 in sales every year, and that he had used that amount as the value of the business on a loan application in 1998.
The trial court stated in its oral reasons for judgment:
I don't see either side of [sic] being 100 percent right. I think that what *309 Mr. Tranchina, on behalf of Mr. Schiro is asking me to do, is his expert listed the 25 percent of the company at somewhere between 34,000 [sic] and $51,000. But yet, the company is making profits that really profits that a million dollar company would like to make, and they are paying Mr. Schiro and another party 150,000, [sic] plus still turning a profit, additionally, 50 to $60,000 a year. I don't see how a company that could make that kind of profit only be worth $30,000.
. . .
I do feel, though, that Mr. Derbes' numbers as to what the good will was worth was a little bit high. He had it atthe good will at five times the earnings, and I thought that was a little bit high.
The trial court went on to note Mr. Schiro's own valuation of the business on the loan application, further stating:
... I think that because it was for the purposes of making a loan that he [Schiro] may have well "puffed" a little bit about the value of the business.
The court then valued Schiro-Del Bianco Enterprises at $800,000.00, finding Mrs. Schiro's 25 percent value to be worth $200,000.00.
Based upon our review, we find that the trial court's valuation of Schiro-Del Bianco Enterprises is reasonably supported by the record, and therefore we do not find an abuse of the trial court's discretion in setting the value of the business at $800,000.00.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] 283 So.2d 716 (La.1973).
[2] Id. at 724.
[3] 30,585 (La.App. 2 Cir. 5/22/98), 714 So.2d 231, 236.
[4] 478 So.2d 532 (La.App. 1 Cir.1985), writ denied, 480 So.2d 744 (La.1986).
[5] 533 So.2d 1009 (La.App. 1 Cir.1988), writ denied, 537 So.2d 1165 (La.1989).
[6] 00-1263 (La.App. 3 Cir. 7/18/01), 790 So.2d 759, writ denied, 803 So.2d 30 (La.2001).