I,PEATROSS, J.
In this partition of community property action, appellant, Mary Belle Miller McDonald, challenges two aspects of the trial court’s judgment. First, she appeals the trial court’s denial of her claim for reimbursement for mortgage payments made on the marital home. Second, although the trial court accepted Mrs. McDonald’s expert’s method of valuation of the parties’ one-third community interest, in two co-owned businesses, the trial court reduced the value assigned to their interest by her expert — which she assigns as error on appeal. For the reasons stated herein, we affirm.

FACTS AND ACTION OF THE TRIAL COURT

The judgment of divorce in this case ordered Laurence William McDonald, Jr. to “continue making payments for the benefit and on behalf of’ Mrs. McDonald to “maintain the status quo.” This payment to be made by Mr. McDonald included the mortgage payments on the matrimonial domicile, a community asset. The judgment of divorce also recognized that the parties had stipulated “that all obligations and awards set forth in this judgment are to remain in effect until the voluntary or judicial partition is accomplished.” The parties reached agreement as to most of the community property issues and, on those issues, entered into a second stipulation. The parties, however, were unable to resolve the two issues which are involved in this appeal, namely, whether or not Mr. or Mrs. McDonald should be reimbursed for mortgage payments made on the matrimonial domicile and the value of their community interest in two closely held finance companies, Ouachita Credit Plan, Inc. (“OCP”) and A-l Credit, Inc. of West Monroe (“A-l”).
|2The trial court held that Mrs. McDonald was not entitled to reimbursement for mortgage payments because “she did not make any mortgage payments.” In oral reasons for judgment, the trial court stated that it viewed Mr. McDonald’s obligation to pay the mortgage as “interim spousal support,” and that the obligation to pay that support ceased 180 days after the divorce. Despite the language of the parties’ stipulation that the payments would be made until the partition was resolved, the trial court found that “[e]ven though the judgment contained language ordering the awards and obligations to remain in effect until the partition of community property,” interim spousal support in this case terminated by operation of law 180 days after the judgment of divorce.
The trial court submitted the business valuation issue to a hearing officer. Each party had an expert submit a report containing his respective valuations of OCP and A-l. Mrs. McDonald’s expert was Richard W. Guillot, a certified financial planner (“CFP”), who has a bachelor’s degree in finance with a minor in accounting, has taken post-graduate courses at LSU-Shreveport and obtained his CFP status in 1992. Mr. Guillot had testified as an expert in similar matters on 15 to 20 occasions. In valuing the two companies at issue in this matter, Mr. Guillot used “generally accepted appraisal” methods, specifically utilizing an income approach and a market approach. In the final analysis, Mr. Guillot valued the McDonalds’ community interest in OCP at $228,141 and A-l at $149,348.
*697 Mr. McDonald’s expert, Lester E. Dees, is a long-time Mend of Mr. McDonald and also part owner in the companies. Mr. Dees has a highj^school education, but was experienced in the buying and selling of this type of business. Further, Mr. Dees had testified previously on valuations of finance companies; however, he has never been qualified as an expert and used no definable method for reaching his final values in the present case. Mr. Dees opined, based solely on his business experience, that the finance companies had no going concern or good will values and that the values of the companies should, therefore, be discounted and valued at a percentage of their receivables and assets. He testified that, in the real marketplace, a finance company is not very marketable and, therefore, he does not include goodwill values in his calculations. Mr. Dees valued OCP at $143,712 and A-l at $65,201.
The hearing officer rejected Mr. Dees’ figures, finding that the companies had significant going concern and goodwill values, but reduced Mr. Guillot’s figures by 25 percent to arrive at the following values for the McDonalds’ community interest in each business: OCP — $171,000 and A-l— $111,750. The trial judge accepted the hearing officer’s recommendation of the values for each of the businesses.

Reimbursement for mortgage payments

The November 2000 divorce judgment awarded Mrs. McDonald the exclusive use of the former matrimonial domicile and contains the following order:
IT IS FURTHER ORDERED that defendant, LAURENCE WILLIAM MCDONALD, JR., continue making payments for the benefit and on behalf of MARY BELLE MILLER MCDONALD to maintain the “status quo” as he has done since before the filing of the Petition for Divorce, Including, but not necessarily limited to, mortgage payments on the former matrimonial domicile ....
* * *
The court recognizes the stipulation of the parties, through counsel, that all obligations and awards set forth in this Judgment are to remain in effect until a voluntary or judicial partition of community property is accomplished.
In the subsequent partition proceedings, a second joint stipulation was entered in which the parties agreed that the former matrimonial domicile be allocated to Mrs. McDonald. The parties further stipulated that the value of the domicile was $213,500, with an unpaid balance thereon of $27,132.11. This joint stipulation also contained the following paragraph regarding reimbursement rights:
The parties stipulate that $63,076.90 has been paid, since the termination date of the community, on the former family home. Each party contends that they are entitled to reimbursement, from the other party, for one-half of this amount, $31,538.45.
In ruling on the reimbursement claims, the trial judge stated that Mr. McDonald’s payment of the monthly mortgage was “part of his interim spousal support obligation” which ceased 180 days after the judgment granting the divorce. He further stated that “[e]ven though the judgment contained the language ordering the awards and obligation to remain in effect until the partition of community property interim spousal support in this case terminated by operation of law one hundred eighty (180) days after the judgment of divorce.” The trial judge explained that the 2000 divorce judgment:
... envisioned Mr. McDonald bearing as part of his interim spousal support obligation the interest and insurance *698 | scomponents of the monthly mortgage payments but not the principal payment. Spousal support awards are not intended to provide investment capital for the needed (sic) spouse.
Mr. McDonald was, therefore, awarded reimbursement of one-half of the principal reduction after expiration of the 180-day period. La. C.C. art. 2365, infra. Further, the trial judge denied Mrs. McDonald’s claim for reimbursement because “she did not make any mortgage payments.” We find no error in the trial court’s conclusions.
La. C.C. art. 2356 provides:
If separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.
The trial court correctly found that Mrs. McDonald made no mortgage payments and was, therefore, not entitled to reimbursement under this article. As previously stated, the payment of the mortgage note as part of interim spousal support was intended to be limited to the insurance and interest portion of each payment. We further note that the trial court correctly found that Mr. McDonald’s obligation to pay interim support, including the mortgage payments, terminated by operation of law on expiration of the 180-day period. Mr. McDonald’s reimbursement was correctly calculated and the award of reimbursement to him is proper.

Business valuations

This court, in Ellington v. Ellington, 36,943 (La.App. 2d Cir.3/18/03), 842 So.2d 1160, writ denied, 03-1092 (La.6/27/03), 847 So.2d 1269, explained the valuation of businesses in partition actions as follows:
IfiThe trial court has broad discretion in partitioning community property. As noted by the Third Circuit in Razzaghe-Ashrafi v. Razzaghe-Ashrafi, 558 So.2d 1368, 1371 (La.App. 3d Cir.1990):
The purpose of [La. R.S. 9:2801(4)(a) ] is to provide an occasion for the court to get a handle on the situation. It does not mean that the court is frozen by any statutory time level or particular valuation at any particular time or for any particular purpose, but simply to place values on the assets for the purpose of accounting, allocation and adjudication in accordance with the further provisions of La. R.S. 9:2801(4)(b, c, d and e).
In light of the discretion granted to the trial court by La. R.S. 9:2801, the court is not required to accept at face value a party’s valuation of assets, debts or claims against the community. Gay v. Gay, 31,974 (La.App. 2d Cir.6/16/99), 741 So.2d 149; Kaplan v. Kaplan, 522 So.2d 1344 (La.App. 2d Cir.1988); Alford v. Alford, 94-1464 (La.App. 3d Cir.4/5/95), 653 So.2d 133. If the trial court’s valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed. Alford, supra. As noted by the court in Starr v. Starr, 557 So.2d 1026 (La.App. 4th Cir.1990), the law provides no mathematical formula for determining the value of community assets.
If the community asset to be valued is an interest in a partnership or corporation, the court must be careful to value the interest, not just the assets of the business entity. Ellington, supra, citing Moody v. Moody, 622 So.2d 1381 (La.App. 1st Cir.1993); Borrello v. Borrello, 614 So.2d 91 (La.App. 4th Cir.1992), writ denied, 616 So.2d 706 (La.1993); Mexic v. Mexic, 577 So.2d 1046 (La.App. 4th Cir. *699 1991). The excess value of a business enterprise beyond the buildings, inventory and contracts is goodwill. Under Louisiana law, goodwill is recognized as an incidental property right in connection with commercial businesses which are capable of sale and transfer from one owner to another. Gill v. Gill, 39,406 (La.App. 2d Cir.3/9/05), 895 So.2d 807, citing Head v. Head, 30,585 (La.App. 2d Cir.5/22/98), 714 So.2d 231. If the underlying business is community, the goodwill should be and will be considered in dividing the community property as part of the partition. Id.
The trial court’s determination of the value of a community business is a factual one which will not be disturbed absent manifest error. Ellington, supra. Further, the trial court’s choice of one expert’s method of valuation over that of another will not be overturned unless it is manifestly erroneous. Gill, supra, citing Preis v. Preis, 94-442 (La.App. 3d Cir.11/2/94), 649 So.2d 593, writs denied, 94-2939, 94-2942 (La.1/27/95), 649 So.2d 392; Guillaume v. Guillaume, 603 So.2d 235 (La.App. 4th Cir.1992); Stewart v. Stewart, 585 So.2d 1250 (La.App. 4th Cir.1991), writs denied, 590 So.2d 594 and 597 (La.1992).
In the case sub judice, the trial judge noted that the reason for the vast discrepancy between the two experts’ valuations was that Mr. Guillot included goodwill in his valuations, whereas Mr. Dees opined that no goodwill should be attributed to these financial services businesses. We conclude that it was reasonable and proper for the trial judge to hold that these businesses enjoyed some level of goodwill and, as such, a figure representing that goodwill should be included in the valuations.
The trial judge referenced the reasons provided by the hearing officer in support of his acceptance of the hearing officer’s figures. Citing and relying on Ellington, supra, the hearing officer correctly noted that it would be error not to assign any goodwill value to the businesses. He further ^correctly noted that it is within his discretion to weigh and evaluate the expert testimony based on expertise and credibility. Ultimately, the hearing officer concluded that his adjustment to Mr. Guillot’s figures “is appropriate to account for the ‘real world’ elements of the finance company business discussed by Mr. Dees in his testimony.” The trial judge adopted this rationale, stating that the appropriate figure should be “set somewhere in the middle” of the two experts’ valuations. See Schiro v. Schiro, 02-542 (La.App. 5th Cir.1/28/03), 839 So.2d 304. Finding ample evidence in this record to support this reasonable conclusion, we find no manifest error in the trial court’s acceptance of the hearing officer’s recommendation and valuing OCP and A-l in accordance therewith.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Appellant, Mary Belle Miller McDonald.
AFFIRMED.