STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-159


ANGELA THOMASEE

VERSUS

JASON THOMASEE


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NUMBER  234,533
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********


Court composed of Shannon J. Gremillion, D. Kent Savoie, and Sharon Darville
Wilson, Judges.

AFFIRMED.

**Michael H. Davis**
**Attorney at Law**
**2017 McArthur Drive**
**Building 4, Suite A**
**Alexandria, LA  71301**
**(318) 445-3621**
**Counsel for Plaintiff/Appellee:**
    **Angela Thomasee**

**Bradley J. Drell**
**Gold, Weems, Bruser, Sues & Rundell**
**2001 MacArthur Drive**
**Alexandria, LA  71307**
**(318) 445-6471**
**Counsel for Defendant/Appellant:**
    **Jason Thomasee**

**WILSON, Judge.**

In this partition of community property, Jason Thomasee (Jason) appeals two aspects of the trial court's judgment. First, he challenges the trial court's valuation of Thomasee Adjusters, LLC (Thomasee Adjusters). Second, Jason contests the trial court's award of one half of the profits and losses of Thomasee Adjusters, which occurred after the termination of the community of acquets and gains, to Angela Thomasee (Angela).

## I.

## ISSUES

We must decide whether the trial court erred as a matter of law in finding that Thomasee Adjusters had value other than the personal goodwill of Jason. We must also decide whether the trial court committed manifest error in awarding Angela one half of the profits and losses of Thomasee Adjusters after the termination of the community of acquets and gains.

## II.

## FACTS AND PROCEDURAL HISTORY

Angela and Jason were married on September 1, 1983. Angela filed a petition for divorce on March 24, 2009, and the judgment of divorce was signed on October 28, 2009.

Two businesses were established during the marriage: Cornerstone Learning Center, Inc. (Cornerstone), and Thomasee Adjusters. Angela was the director and was responsible for the day-to-day operation of Cornerstone while Jason was responsible for the accounting portion of that business. Jason is a FEMA certified flood insurance adjuster and is the sole employee of Thomasee Adjusters.

A petition for partition of the community property was filed on November 9, 2016. A trial to partition the community property began on July 13, 2021, was recessed, and then completed on July 29, 2021. At trial, the parties stipulated to the value of all of the community property except that of Cornerstone and Thomasee Adjusters. Jason alleges that Thomasee Adjusters has no value attributable to the community and that any post-termination profits and losses are his separate property. Angela alleges that Thomasee Adjusters had a value of $253,000.00 and that she, as owner of one half of the business, is entitled to one half of the profits and one half of the losses that occurred since the termination of the community.

The trial court found that Thomasee Adjusters was a community business with a value of $253,000.00.[1] The judgment of partition was signed on October 21, 2021, and ordered Jason to pay $125,354.24 as an equalizing payment. Jason timely perfected this appeal. For the reasons that follow, we affirm the judgment of the trial court.

## III.

## STANDARD OF REVIEW

Jason contends that he is entitled to a de novo review of this matter based on his allegation that, "given the paucity of the Court's reasons for judgment . . . and the clear evidence in the record, [] the trial court clearly misapplied applicable law." However, "[t]he trial court's findings regarding the nature of the property as community are separate are factual determinations subject to manifest error review." *Drennan v. Drennan*, 12-503, p. 9 (La.App. 5 Cir. 7/3/13), 121 So.3d 177, 182, *writ denied*, 13-2200 (La. 11/22/13), 126 So.3d 493. Moreover, "[a] trial court's factual

---

[1] The trial court ruled that Cornerstone had a value of $388,400.00. No one contests that finding on appeal.

2

findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error." *Berthelot v. Berthelot*, 17-1055, p. 5 (La.App. 1 Cir. 7/1/18), 254 So.3d 800, 806. "The trial court's determination of the value of a community business is a factual one which will not be disturbed absent manifest error." *McDonald v. McDonald*, 40,035, p. 7 (La. App. 2 Cir. 8/17/05), 909 So.2d 694, 699. For the reasons that follow, we do not find a legal error by the trial court that would entitle Jason to a de novo review, and will, therefore, utilize the manifest error standard of review.

## IV.

## LAW AND DISCUSSION

Louisiana Revised Statutes 9:2801.2 provides that:

> In a proceeding to partition the community, the court may include, in the valuation of any community-owned corporate, commercial, or professional business, the goodwill of the business. However, that portion of the goodwill attributable to any personal quality of the spouse awarded the business shall not be included in the valuation of a business.

"The excess value of a business enterprise beyond the buildings, inventory and contracts is goodwill. Under Louisiana law, goodwill is recognized as an incidental property right in connection with commercial businesses which are capable of sale and transfer from one owner to another." *McDonald*, 909 So.2d at 699. "With a professional corporation, where the goodwill results solely from the identity of the professional or from his or her relationship with clients or patients, goodwill is not included in the community." *Gill v. Gill*, 39,406, p. 7 (La.App. 2 Cir. 3/9/05), 895 So.2d 807, 812.

Jason contends that any money made by Thomasee Adjusters since the termination of the community has been made through his sole effort, professional certification, and his relationship with a single client.[2] Jason testified that he obtained his FEMA certification by having five years of experience as an insurance adjuster and that he maintains that certification by passing a test every year and participating in continuing education programs. In answer to the question: "[] because of your certification as a Flood Insurance Adjuster, not just anybody could even come into your business and buy it and [] operate it," Jason answered: "Absolutely correct. No one. Well, unless they pay me." Jason testified that if he was gone, "there is no Thomasee Adjusters." In response to a follow up questions, Jason testified that only a flood insurance adjuster could come in and take over Thomasee Adjusters. Jason testified that he was mentoring two people so that they could obtain their certification to adjust claims and that he would receive a percentage of their fees if they were assigned any claims.

Blaine Hebert (Hebert), CPA, prepared individual and business tax returns for the Thomasees. At trial, Hebert testified that it was his opinion that all of the profits and losses for Thomasee Adjusters were attributable exclusively to Jason and that they belong to him "because it's just money based on his efforts. In other words, he worked for that money, and that's the way he got paid." According to Hebert, all of the profits from Thomasee Adjusters since the termination of the community belong to Jason because they are wages, not an asset. Hebert was not tendered as an expert.

Vanessa Brown Claiborne (Claiborne), CPA and expert in the field of business evaluation, testified that, in her opinion, Thomasee Adjusters had a value

---

[2] The Fountain Group was reported to be the only client of Thomasee Adjusters since the inception of the business.

4

of $253,000.00. Claiborne used comparable sales of other insurance adjusting businesses in other places, one of which was a single person business. She testified that she disagreed with Jason's argument because the business produced a net profit in excess of what the market would pay for Jason's services as flood insurance adjuster.

Angela argues that Claiborne's opinion was the only expert opinion offered to establish the value of Thomasee Adjusters. Angela further argues that Jason's FEMA certification cannot be compared to a professional law degree, a professional medical degree, or a professional accounting degree because anyone interested in purchasing the business could obtain the same certification, and there was no testimony that any purchaser of Thomasee Adjusters could not continue the relationship with its only client.

"The trier of fact is free to accept or reject in whole or in part the testimony of any witness." *Com. Flooring & Mini Blinds, Inc. v. Edenfield*, 13-523, p. 13 (La.App. 1 Cir. 2/14/14), 138 So.3d 30, 40. "[T]he rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound." *Hanks v. Entergy Corp.*, 06-477, pp. 23-24 (La. 12/18/06), 944 So.2d 564, 580–81 (citations omitted). Based on the discretion given to the trial court in La.R.S. 9:2801, "the trial court is not required to accept at face value a party's valuation of assets, debts, or claims against the community." *Ellington v. Ellington*, 36,943, p. 6 (La.App. 2 Cir. 3/18/03), 842 So.2d 1160, 1166, *writ denied*, 03-1092 (La. 6/27/03), 847 So.2d 1269.

Here, Claiborne's testimony as to the value of Thomasee Adjusters was uncontradicted. Jason provided no evidence or testimony to show that the one client of Thomasee Adjusters would not work with anyone but him or that any prospective

5

purchaser would be unable to obtain FEMA certification. The only testimony to this effect was Jason's statement that without him, there would be no Thomasee Adjusters. In fact, even though he answered that no one could just come in and take over his business, he added the qualifier "unless they pay me." For these reasons, we find no error in the trial court's valuation of Thomasee Adjusters at $253,000.00.

Louisiana Civil Code Article 2369.1 provides, in pertinent part, that "[a]fter the termination of the community property regime, the provisions governing co-ownership apply to former community property, unless otherwise provided by law or juridical act." Louisiana Civil Code Article 2369.2 provides that "[e]ach spouse owns an undivided one-half interest in former community property and its fruits and products." Based on applicable law, we find no error in the trial court's ruling that the profits and losses of Thomasee Adjusters belong to Angela and Jason equally.

## V.

## <u>CONCLUSION</u>

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Jason Thomasee.

**AFFIRMED.**