STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 09-1090


DOUGLAS RICHARDSON

VERSUS

LIL' RIVER HARVESTING


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION -NUMBER TWO
PARISH OF RAPIDES, NO. 08-01318
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Kathryn Fowler Van Hoof**
**VanHoof & Associates**
**P. O. Box 339**
**LeCompte, LA 71346**
**(318) 776-4836**
**Counsel for Defendant/Appellant:**
**Lil' River Harvesting**

**Russell Louis Sylvester**
**Brittain and Sylvester**
**P. O. Box 2059**
**Natchitoches, LA 71458-2059**
**(318) 352-9588**
**Counsel for Plaintiff/Appellee:**
**Douglas Richardson**

**EZELL, JUDGE.**

In this matter, Lil' River Harvesting appeals the decision of the workers' compensation judge finding that Douglas Richardson required back surgery. For the following reasons, we affirm the decision of the workers' compensation judge.

On November 16, 2006, Mr. Richardson was struck by a falling tree while in the course and scope of his job duties with Lil' River. He developed severe back pain, eventually going to see Dr. Marcos Ramos, who felt a "minimally invasive laminectomy and microdiskectomy at L3-4" was required to alleviate the problem. Lil' River requested Mr. Richardson see another physician, Dr. Donald Smith. Dr. Smith felt surgery was not needed. An independent medical expert (IME), Dr. Jorge Martinez, was appointed and also felt Mr. Richardson would not require surgery. Lil' River did not dispute that the injury was compensable and paid disability and medical benefits except for the challenged surgery. At trial, the workers' compensation judge found that Mr. Richardson had shown he needed surgery by a preponderance of the evidence and that he was entitled to the surgery recommended by Dr. Ramos. From that decision, Lil' River appeals.

Lil' River asserts as its sole assignment of error that the workers' compensation judge erred in awarding Mr. Richardson the back surgery as recommended by Dr. Ramos.

The appropriate standard of review for workers' compensation cases was set forth by our supreme court as follows:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's [Office of Workers' Compensation] findings of fact is the "manifest error-clearly wrong" standard. Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the

1

appellate court may feel that its own evaluations and inferences are as reasonable. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.

*Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117 (citations omitted).

Lil' River believes that because its doctor and the IME felt that Mr. Richardson did not need surgery for his back, the workers' compensation judge's finding was clearly wrong. We disagree. An IME's medical conclusions should be given significant weight because the IME is an objective party. *Scott v. Wal-Mart Stores, Inc.*, 03-858 (La.App. 1 Cir. 2/23/04), 873 So.2d 664; *see also* La.R.S. 23:1123. However, the opinion of the IME is not conclusive, and the workers' compensation judge must evaluate all of the evidence presented in making a decision as to a claimant's medical condition. *Mosley v. Pennzoil Quaker State*, 37,199 (La.App. 2 Cir. 7/23/03), 850 So.2d 1100, *writ denied*, 03-2412 (La. 11/21/03), 860 So.2d 553. As a general rule, while the trier of fact is required to weigh the testimony of all medical witnesses, the testimony of the treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. *Scott*, 873 So.2d 664.

The workers' compensation judge gave extensive reasons for judgment wherein he weighed the findings of Lil' River's doctor and the IME against Dr. Ramos and Mr. Richardson's social security disability examining physician, Dr. John Sandifer, who also felt Mr. Richardson would require surgery. The workers' compensation judge gave more weight to Dr. Ramos, Mr. Richardson's treating physician, and his belief that there were positive signs of abnormalities in Mr. Richardson's back that would require surgical repair. He clearly took into consideration the testimonies of Mr. Richardson as well as his wife, both of whom testified as to the pain he suffered

and of his desire to simply feel better. Simply put, the workers' compensation judge weighed the evidence before him and chose between two permissible views of the evidence. Where there are two permissible views of the evidence, a fact finder's choice between them can never be manifestly erroneous or clearly wrong. *Stobart v. State, Through Dept. of Transp. and Dev.*, 617 So.2d 880 (La.1993). Considering the foregoing and the record as a whole, we can find no manifest error in the workers' compensation judge's finding that Mr. Richardson requires surgery to correct his back injury.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are assessed against Lil' River Harvesting.

**AFFIRMED.**

3