# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1393

ANTHONY KINARD

VERSUS

**NEW IBERIA WASTEWATER
TREATMENT FACILITY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 09-04210
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

**REVERSED IN PART AND AFFIRMED.**

**Jacqueline B. Manecke**
**Michael Miller**
**P. O. Drawer 1630**
**Crowley, LA 70527**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
   **Anthony Kinard**

**Matthew Richards**
**P. O. Box 98001**
**Baton Rouge, LA 70898**
**(225) 231-0521**
**COUNSEL FOR DEFENDANT-APPELLEE:**
   **New Iberia Wastewater Treatment Facility**

**PAINTER, Judge.**

In this workers' compensation case, the injured employee, Anthony Kinard (Kinard) appeals the ruling of the Workers' Compensation Judge (WCJ) finding that some of his medical treatment was not reasonable and necessary. Kinard also seeks additional penalties and an increased award of attorney fees. The employer, New Iberia Wastewater Treatment Facility and its workers' compensation insurer, LWCC (hereinafter collectively referred to as "Defendants"), have answered the appeal, seeking to have the award of penalties and attorney fees imposed by the WCJ reversed. For the reasons that follow, we reverse one of the awards of $2,000.00 in penalties imposed by the WCJ. In all other respects, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

On September 10, 2007, Kinard was involved in a motor vehicle accident while in the course and scope of his employment with New Iberia Wastewater Treatment Facility. As a result of that accident, Kinard suffered injuries to his neck and low back. Kinard treated primarily with Dr. Robert D. Franklin (Dr. Franklin), a physiatrist, and Dr. John Cobb (Dr. Cobb), an orthopedic surgeon. Dr. Cobb diagnosed a central disc protrusion at C3-4 with cord compression, degeneration at L2-3, and arthritis in the lumbar facet joints. In July of 2009, Dr. Cobb recommended an anterior cervical discectomy and fusion at C3-4. Dr. Cobb also recommended a psychological evaluation and referred Kinard to Dr. James H. Blackburn. At that point, Defendants requested a second opinion, and Kinard was seen by Dr. Kyle C. Girod (Dr. Girod). Dr. Girod recommended a full course of physical therapy and steroid injections if the physical therapy was not effective in alleviating Kinard's symptoms. Dr. Girod was of the opinion that surgery was unnecessary. In February of 2010, Dr. Cobb again recommended surgery. Then,

Defendants filed a motion seeking an independent medical examination (IME). The court ordered an IME, and one was performed by Dr. Clark Gunderson (Dr. Gunderson) on April 27, 2010. Dr. Gunderson agreed with Dr. Girod that Kinard did not require the surgery recommended by Dr. Cobb. Dr. Gunderson's recommended course of treatment was a course of physical therapy and a functional capacity evaluation (FCE).

In May of 2010, Kinard began treating with Dr. Ilyas Munshi (Dr. Munshi). Dr. Munshi recommended cervical and lumbar injections. Kinard received injections from Dr. Amarendar Kasarla (Dr. Karsala) at Lafayette Surgical Hospital. Payment for this treatment was denied by Defendants.

Kinard has been receiving weekly indemnity benefits. However, a dispute arose concerning the payment of certain medical bills and the necessity of certain medical treatment. Following a trial on the merits, the WCJ issued a judgment finding that Kinard was injured in the course and scope of his employment on September 10, 2007, and was entitled to medical treatment and weekly indemnity benefits. The WCJ ordered Defendants to pay: (1) a $2,000.00 penalty for failure to timely authorize medical treatment with Dr. Blackburn as requested by Dr. Cobb in his report dated October 21, 2009; (2) a $2,000.00 penalty for failure to timely pay Dr. Cobb's bill for medical treatment rendered on February 2, 2009; (3) the bill associated with medical treatment at Abbeville General Hospital on September 11, 2007; and (4) $4,000.00 in attorney fees. The judgment further found that the medical treatment rendered to Kinard by Dr. Munshi and Dr. Kasarla, following the independent medical exam performed by Dr. Gunderson, was not reasonable or medically necessary. In her reasons for judgment, the WCJ specifically pointed out that Kinard did not seek authorization from Defendants before beginning that treatment.

Kinard appealed. Defendants answered the appeal, asserting manifest error in the findings that it did not timely authorize medical treatment with Dr. Blackburn and did not timely pay Dr. Cobb's bill as well as the imposition of penalties based on these findings and in the award of attorney fees. For the reasons that follow, we find manifest error in the WCJ's award of a $2,000.00 penalty for the late payment of Dr. Cobb's bill for service rendered on February 2, 2009. We find no manifest error in any of the other rulings and, therefore, affirm the judgment in all other respects.

## DISCUSSION

In his first assignment of error, Kinard asserts that the WCJ erred in relying on the opinion of Dr. Gunderson when there was no dispute between the treating physician and the second opinion from Dr. Girod. Inherent in this argument is an opposition to the WCJ's ruling that treatment received by Kinard from Dr. Munshi and Dr. Kasarla and the surgery recommended by Dr. Cobb were not reasonable or medically necessary and the corresponding refusal to order Defendants to pay the medical expenses for Dr. Munshi, Dr. Kasarla, and Lafayette Surgical Hospital. Kinard argues that this was legal error.

Defendants argue that there was no manifest error in the WCJ's acceptance of Dr. Gunderson's opinion over that of Dr. Cobb and Dr. Girod. Defendants contend that no dispute was created by the IME as asserted by Kinard because there was always a dispute as to what treatment was reasonable and medically necessary. The standard of review in this instance is manifest error. We are also mindful of the following precepts:

> An IME's medical conclusions should be given significant weight because the IME is an objective party. *Scott v. Wal-Mart Stores, Inc.*, 03-858 (La.App. 1 Cir. 2/23/04), 873 So.2d 664; *see also* La. R.S. 23:1123. However, the opinion of the IME is not conclusive, and the workers' compensation judge must evaluate all of the evidence

3

> presented in making a decision as to a claimant's medical condition. *Mosley v. Pennzoil Quaker State*, 37,199 (La.App. 2 Cir. 7/23/03), 850 So.2d 1100, *writ denied*, 03-2412 (La.11/21/03), 860 So.2d 553.

*Richardson v. Lil' River Harvesting*, 09-1090, p. 2 (La.App. 3 Cir. 3/10/10), 33 So.3d 418, 419.

In this case, the WCJ credited the opinion of Dr. Gunderson over that of Dr. Cobb and Dr. Girod. None of these doctors testified at trial[1], and no depositions were admitted into evidence. The WCJ did hear the testimony of Kinard and noted that she did not find him to be entirely credible. The WCJ also specifically noted that Kinard began treating with Dr. Munshi and Dr. Kasarla shortly after the IME. These were new doctors, and the WCJ found that there was no notice to the insurer. We find no error in the WCJ's decision to give more weight to the opinion of Dr. Gunderson.

Here, there were obviously several permissible views of the evidence. The WCJ clearly weighed the evidence, including voluminous medical records, and chose Dr. Gunderson's opinion. It is well established that where there are two permissible views of the evidence, the fact finder's choice cannot be manifestly erroneous. *Stobart v. State, DOTD*, 617 So.2d 880 (La.1993).

> Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.

*Dean v. Southmark Constr.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117 (citations omitted).

In this case, three different doctors gave opinions as to whether Kinard required surgery. Only Dr. Cobb was of the opinion that surgery was necessary.

---

[1]Dr. Cobb died on December 4, 2011, prior to the trial of this matter.

4

Thus, we find no manifest error in the WCJ's conclusion that the discectomy and fusion at C3-4 was not reasonable or medically necessary.

Having concluded that the WCJ was not manifestly erroneous in giving Dr. Gunderson's opinion the most weight, we likewise find no manifest error in the WCJ's finding that the treatment received from Dr. Munshi and Dr. Kasarla was not reasonable or medically necessary. Dr. Gunderson did not recommend injections, and Dr. Girod recommended injections only if physical therapy was not effective. Even Dr. Cobb recommended physical therapy in January of 2008, and noted that Kinard had an "option" for surgery. Dr. Cobb's records reflect that as of February 11, 2008, Kinard had not been to physical therapy. Dr. Cobb continued to recommend physical therapy. In June of 2008, Dr. Cobb's records indicate that Kinard "has had some physical therapy." There is no indication that Kinard ever completed a full course of physical therapy. Kinard did not initially seek authorization to see Dr. Munshi or Dr. Kasarla, and he had already seen another pain management doctor, Dr. Franklin. Kinard testified that he did not initially tell Dr. Kasarla that it was a workers' compensation matter.

Based on our finding that the treatment received from Dr. Munshi and from Dr. Kasarla at Lafayette Surgical Hospital was not reasonable or medically necessary, we find no error in the WCJ's refusal to order Defendants to pay these medical expenses.

In his second assignment of error, Kinard argues that the WCJ erred in not awarding the maximum penalties of $8,000.00 pursuant to La.R.S. 23:1201(F). The WCJ awarded a total of $4,000.00 in penalties: $2,000.00 for the failure to timely authorize medical treatment by Dr. Blackburn as requested by Dr. Cobb and $2,000.00 for the failure to timely pay Dr. Cobb's bill for medical treatment

5

rendered on February 2, 2009. In their answer to appeal, Defendants seek to have the imposition of these penalties reversed.

"The applicable standard of review in determining whether a defendant should be cast with penalties and attorney fees is the manifest error-clearly wrong standard." *Rutledge v. Resource Transp*., 08-1149, p. 2 (La.App. 3 Cir. 3/4/09), 7 So.3d 794, 795 (quoting *Bennett v. Pilgrim's Pride*, 07-753, p. 10 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 429, *writ denied*, 08-103 (La. 3/7/08), 977 So.2d 907).

We will address Defendants' argument as to penalties first. Defendants argue that no penalty is owed with respect to the authorization of treatment by Dr. Blackburn because it was timely given. In the alternative, Defendants argue that even if the treatment was not timely authorized, the maximum penalty should be $200.00 pursuant to La.R.S. 23:1201(F) because authorization was given four days past the period provided in La.R.S. 23:1201(E). Dr. Cobb's records reflect that he first recommended a psychological evaluation by Dr. Blackburn on June 3, 2009, and that an appointment was scheduled. Kinard did not see Dr. Blackburn, and Dr. Cobb's records reflect that Kinard did not want to see Dr. Blackburn. Defendants contend that this was a revocation of the request for that treatment. We do not agree. Dr. Cobb again recommended evaluation by Dr. Blackburn on October 21, 2009, noting in his records that "the referral to Dr. Blackburn has not yet been authorized." The claims adjuster who testified at trial stated that the letter approving treatment by Dr. Blackburn was dated January 28, 2010. Thus, we find no manifest error in the imposition of the $2,000.00 penalty with regard to the authorization of treatment by Dr. Blackburn.

Defendants next argue that no penalty is owed with regard to the alleged late payment of Dr. Cobb's bill for medical services provided on February 2, 2009. Defendant contends that the evidence shows that Dr. Cobb did not sign the HCFA

6

form seeking payment for services rendered on February 2, 2009, until June 2, 2009, such that written notice was not received until that date. The testimony of the claims adjuster at trial established that this bill was paid June 10, 2009. Thus, we find no basis for the award of $2,000.00 penalty in this respect, and that award is reversed.

Kinard seeks a $2,000.00 penalty for the denial of authorization and payment for steroid injections as recommended by Dr. Munshi and given by Dr. Kasarla. As we have already found that the treatment received from Dr. Munshi and Dr. Kasarla was not reasonable or medically necessary, we find no manifest error in the WCJ's refusal to award a penalty in this respect.

Kinard further seeks a $2,000.00 penalty for the denial of the surgery. Again, we found no manifest error in the decision of the WCJ to credit Dr. Gunderson's opinion over the opinion Dr. Cobb. Thus, we find no manifest error in the failure to award a penalty for the denial of the surgery recommended by Dr. Cobb.

Kinard also seeks penalties for the failure to reimburse him for his out-of-pocket expenses related to treatment with Dr. Kasarla, denial of payment for Soma prescribed by Dr. Kasarla, and failure to pay mileage incurred for treatment by Dr. Kasarla. Since we have already upheld the WCJ's finding that treatment by Dr. Kasarla was not reasonable or medically necessary, we find no manifest error in the WCJ's refusal to award penalties in these instances.

Finally, both parties contest the award of attorney fees. Kinard asserts that it is too low and also seeks an award of additional attorney fees for work done on appeal. Defendants assert that the $4,000.00 awarded for attorney fees should be reduced, especially if the amount of penalties is reversed.

7

"The amount [of attorney fees] award[ed] by the WCJ will not be disturbed unless we find that the WCJ abused her discretion." *Evergreen Presbyterian Ministries v. Wallace*, 07-313, p. 5 (La.App. 3 Cir. 10/10/07), 968 So.2d 256, 260 (citation omitted). Moreover,

> [t]he only limitation on the amount is the reasonableness of the fee awarded by the judge. *Cain [v. Employers Cas. Co.]*, 236 La. 1085, 110 So.2d 108 (1959). The amount awarded rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case. H. Alston Johnson, III, *supra* § 389. The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.

*McCarroll v. Airport Shuttle, Inc.*, 00-1123, pp. 9-10 (La. 11/28/00), 773 So.2d 694, 700.

Given the deference afforded to the WCJ, we find no abuse of discretion in the amount of the attorney fee awarded. Thus, we find no merit in the contention of either Kinard on appeal or Defendants in their answer to the appeal relative to the WCJ's award of $4,000.00 in attorney fees. Accordingly, we affirm the WCJ's ruling in this respect.

Kinard is also requesting an additional attorney fee for work necessitated by his appeal. Having determined that Kinard's assignments of error are without merit, his appeal is unsuccessful, and there is no legal basis for granting his request for an additional award of attorney fees for this appeal. *Minor v. J&J Carpet, Inc.*, 11-974 (La.App. 3 Cir. 2/1/12), 84 So.3d 680 (citing *Soileau v. R & H Refractory Servs., Inc.*, 01-355 (La.App. 3 Cir. 10/3/01), 796 So.2d 903, *writ denied*, 01-2954 (La. 1/25/02), 807 So.2d 841).

8

With respect to Kinard's argument that he is entitled to recover expenses in the amount of $707.65, we note that the trial court has broad discretion in assessing court costs and can render judgment for costs against any party as it may consider equitable. La.Code Civ.P. art. 1920; *Earles v. Ahlstedt*, 591 So.2d 741 (La.App. 1 Cir. 1991). Even though Kinard was awarded penalties and attorney fees, we reversed the imposition of the one of the penalties and note that Kinard was unsuccessful in many of his claims. Thus, we do not find an abuse of discretion in the failure to award expenses to him.

Finally, we consider Kinard's argument that the WCJ erred in allowing the introduction of evidence of fraud, a violation of La.R.S. 23:1208. The WCJ did not find a violation of La.R.S. 23:1208, and Defendants are not appealing this finding. Thus, we find that any error in this respect is harmless.

## DECREE

Having found no evidentiary basis for the award of a $2,000.00 penalty for the alleged late payment of Dr. Cobb's bill for medical services provided on February 2, 2009, we reverse that portion of the judgment. The judgment is affirmed in all other respects. Costs of this appeal are to be shared equally between the parties.

**REVERSED IN PART AND AFFIRMED.**